# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INTERMET CORPORATION, et al.,[1] | Case No. 08-11859 (KG) |
| Debtors. | (Jointly Administered) |

## NOTICE OF TERMINATION OF GUC LIQUIDATING TRUST

**PLEASE TAKE NOTICE THAT:**

1. On July 14, 2009, the United States Bankruptcy Court for the District of Delaware entered an order [Docket No. 1221] (as same has been clarified, amended, supplemented or otherwise modified from time to time, the "<u>Confirmation Order</u>") confirming the Joint Chapter 11 Plan of Intermet Corporation and Its Affiliated Debtors and Debtors in Possession, dated June 16, 2009 [Docket No. 1264] (as same has been clarified, amended, supplemented or otherwise modified from time to time, the "<u>Plan</u>").[2]

2. The Effective Date, under and as defined in the Plan, is September 2, 2009.

3. Pursuant to, *inter alia*, Article VI(C)(2)(a) of the Plan and paragraph 12 of the Confirmation Order, the Debtors, the Lender Liquidating Trustee and the GUC Liquidating Trustee executed the GUC Liquidating Trust Agreement thereby establishing the GUC Liquidating Trust as of the Effective Date. The GUC Liquidating Trust Agreement was filed with the Court as Exhibit A to the Notice of Effectiveness of GUC Liquidating Trust Agreement and Funding of GUC Liquidating Trust [Docket No. 1460].

---

[1] The Debtors, followed by the last four digits of their respective taxpayer identification numbers, are as follows: Alexander City Casting Company, Inc. (6801); Cast-Matic, LLC (2573); Columbus Foundry, L.P. (5182); Diversified Diemakers, LLC (3911); Ferrous Metals Group, LLC (7491); Ganton Technologies, LLC (1176); Intermet Corporation (3873); Intermet Holding Company (1777); Intermet Illinois, Inc. (0275); Intermet International, Inc. (1123); Intermet U.S. Holding, Inc. (5089); Ironton Iron, Inc. (7407); Light Metals Group, LLC (7488); Lynchburg Foundry, LLC (1755); Northern Castings, LLC (3693); SUDM, Inc. (5067); Tool Products, LLC (2203); Wagner Castings Company (5929); Wagner Havana, Inc. (3015); and Western Capital Corporation (1694). The Debtors' headquarters is located at 301 Commerce Street, Ste. 2901, Fort Worth, Texas 76102.

[2] All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan. References herein to the Plan and Confirmation Order include, without limitation, as same have been clarified, amended, supplemented or otherwise modified by the following Orders: (i) that certain Order to Modify Joint Chapter 11 Plan of Intermet Corporation and its Affiliated Debtors and Debtors In Possession dated August 21, 2009 [Docket No. 1337]; and (ii) that certain Order Granting The Emergency Motion For Clarification Of The Order Confirming Joint Chapter 11 Plan Of Intermet Corporation And Its Affiliated Debtors And Debtors In Possession (As Amended) dated October 16, 2009 [Docket No 1453], as applicable.

4.  In accordance with the terms of the Plan and paragraph 34 of the Confirmation Order, Steven D. Sass LLC was appointed to serve as the GUC Liquidating Trustee for the GUC Liquidating Trust to administer the GUC Liquidating Trust in accordance with the Plan and the GUC Liquidating Trust Agreement.

**Termination of the GUC Liquidating Trust**

5.  Article IX (Sections 9.1 and 9.2) of the GUC Liquidating Trust Agreement (attached hereto in its entirety for convenience) provide, *inter alia*, for the termination of the GUC Liquidating Trust by the GUC Liquidating Trustee upon completion of the tasks charged to the GUC Liquidating Trustee under the Trust Agreement, the Plan and other relevant documents. The GUC Liquidating Trustee has taken all necessary steps to effectuate the Plan and the GUC Liquidating Trust Agreement. Consistent with the terms of the Plan, the GUC Liquidating Trust Agreement and the Confirmation Order, the GUC Liquidating Trust has been administered, the GUC Liquidating Trust Assets have been liquidated and the GUCLT Wind-Down has been completed. All liabilities of the GUC Liquidating Trust have been discharged, including required payments and final distribution to the GUC Liquidating Trust Beneficiaries have been made. Accordingly, the GUC Liquidating Trustee files this Notice of Termination of the GUC Liquidating Trust. The GUC Liquidating Trustee's duties have been fully performed and the GUC Liquidating Trustee has no further duties or obligations under the GUC Liquidating Trust Agreement, but stands ready to perform such post-distribution tasks as necessary (if any) to wind up the affairs of the GUC Liquidating Trust. No such tasks are contemplated at this time.

Respectfully submitted,

Dated: July 22, 2014

> **GUC Liquidating Trust**
> **Steven D Sass LLC, Liquidating Trustee**
> By: *(signature)*
>
> **Steven D. Sass, Sole Member**
> PO Box 45
> Clarksville, MD 21029
> Phone: 410-458-6100
> Fax:   410-630-7233
> e-mail: stevendsassllc@gmail.com

# **EXHIBIT A**

# ARTICLE IX OF THE GUC LIQUIDATING TRUST AGREEMENT

## DURATION OF GUC LIQUIDATING TRUST

### 9.1 Duration / Termination of the GUC Liquidating Trust.

On the Effective Date, the Plan Proponents, the Lender Liquidating Trustee and the GUC Liquidating Trustee shall execute the GUC Liquidating Trust Agreement and shall take all other steps necessary to establish the GUC Liquidating Trust for the benefit of the GUC Liquidating Trust Beneficiaries in accordance with the Plan. The GUC Liquidating Trust will terminate as soon as practicable, but in no event later than the fifth (5th) anniversary of the Effective Date; *provided, however*, that, on or prior to the date of such termination, the Bankruptcy Court, upon motion by a party-in-interest, may extend the term of the GUC Liquidating Trust for a finite period, if such an extension is necessary to liquidate the GUC Liquidating Trust Assets, continue the GUCLT Wind-Down or for other good cause. Notwithstanding the foregoing, multiple extensions may be obtained so long as Bankruptcy Court approval is obtained prior to the expiration of each extended term; *provided further, however,* that the GUC Liquidating Trustee receives an opinion of counsel or a favorable ruling from the IRS that any further extension would not adversely affect the status of the GUC Liquidating Trust as a grantor trust for federal income tax purposes.

### 9.2 Continuance of GUC Liquidating Trust for Winding Up.

After the termination of the GUC Liquidating Trust and for the purpose of liquidating and winding up the affairs of the GUC Liquidating Trust and conducting the GUCLT Wind-Down, the GUC Liquidating Trustee shall continue to act as such until his/her duties have been fully performed, including, without limitation, such post-distribution tasks as necessary to wind up the affairs of the GUC Liquidating Trust. After the termination of the GUC Liquidating Trust, the GUC Liquidating Trustee shall retain for a period of five (5) years the books, records, Beneficiary lists, and certificates and other documents and files which shall have been delivered to or created by the GUC Liquidating Trustee. At the GUC Liquidating Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after five (5) years from the completion and winding up of the affairs of the GUC Liquidating Trust. Except as otherwise specifically provided herein, upon the discharge of all liabilities of the GUC Liquidating Trust and final distribution of the GUC Liquidating Trust, the GUC Liquidating Trustee shall have no further duties or obligations hereunder. Any costs and expenses of the GUC Liquidating Trust and GUC Liquidating Trustee associated with same shall be paid for first from GUCLT Wind Down Cash and thereafter out of the GUC Liquidating Trust Assets which may be reserved for such costs and expenses.