# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTERMET CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-11859 (KG)<br>(Jointly Administered |

Objection Deadline: March 24, 2017 at 4:00 p.m. (ET)
Hearing Date: March 31, 2017 at 10:00 a.m. (ET)

## MOTION OF THE LENDER LIQUIDATING TRUST FOR ENTRY OF FINAL DECREE CLOSING THESE CHAPTER 11 CASES

Huron Consulting Group, through its operating affiliate Huron Consulting Services, LLC, and acting as the liquidating trustee (the "Lender Liquidating Trustee") for the Intermet Lender Liquidating Trust DST (the "Lender Liquidating Trust") for the estates of Intermet Corporation and its affiliates and subsidiaries, through its undersigned counsel, hereby files this motion (the "Motion") seeking entry of a final decree closing the above-captioned chapter 11 cases. In support thereof, the Lender Liquidating Trustee respectfully states as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final decree consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors, followed by the last four digits of their respective taxpayer identification numbers, are as follows: Alexander City Casting Company, Inc. (6801); Cast-Matic, LLC (2573); Columbus Foundry, L.P. (5182); Diversified Diemakers, LLC (3911); Ferrous Metals Group, LLC (7491); Ganton Technologies, LLC (1176); Intermet Corporation (3873); Intermet Holding Company (1777); Intermet Illinois, Inc. (0275); Intermet International, Inc. (1123); Intermet U.S. Holding, Inc. (5089); Ironton Iron, Inc. (7407); Light Metals Group, LLC (7488); Lynchburg Foundry, LLC (1755); Northern Castings, LLC (3693); SUDM, Inc. (5067); Tool Products, LLC (2203); Wagner Castings Company (5929); Wagner Havana, Inc. (3015); and Western Capital Corporation (1694). The debtors' headquarters are located C/O Huron Consulting Services, LLC, 900 Wilshire, Suite 270, Troy, Michigan 48084.

3. The statutory bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## II. BACKGROUND

4. On August 12, 2008 (the "Petition Date"), the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, "the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. On October 29, 2008, the Bankruptcy Court entered an order requiring that all administrative expense claims (other than professional fee claims) arising on or before December 31, 2008 be filed on or before January 23, 2009. All such administrative expense claims arising on or after January 1, 2009 were required to be filed no later than ten (10) days prior to the hearing to confirm the *Joint Chapter 11 Plan of Intermet Corporation and Its Affiliated Debtors and Debtors in Possession, dated June 16, 2009* [Docket No. 1264] (as clarified, amended, supplemented, or otherwise modified from time to time, the "Plan").[2]

6. On July 14, 2009 the Bankruptcy Court entered an order [Docket No. 1221 ] (the "Confirmation Order") confirming the Plan.

7. On August 21, 2009, the Bankruptcy Court entered the *Order to Modify Joint Chapter 11 Plan of Intermet Corporation and Its Affiliated Debtors and Debtors in Possession* [Docket No. 1337].

---

[2] All capitalized terms, unless otherwise defined herein, shall have the meaning ascribed to them in the Plan.

2

8. Pursuant to the Notice of *(I) Confirmation and Effective Date of Joint Chapter 11 Plan of Intermet Corporation and Its Affiliated Debtors and Debtors In Possession, (II) Final Fee Application Deadline and (III) Rejection Damage Claims Bar Date* [Docket No. 1378], the effective date of the Plan was September 2, 2009 (the "Effective Date").

9. All claims for professional fees for services rendered prior to the Effective Date were required to be filed no later than sixty (60) days from the Effective Date pursuant to Article III(A)(3) of the Plan.

10. Pursuant to Article (C)(1)(a) of the Plan and paragraph 12 of the Confirmation Order, the Debtor, the Lender Liquidating Trustee, and the GUC Liquidating Trustee executed the Liquidating Trust Agreement for the Lender Liquidating Trust DST (the "Lender Liquidating Trust Agreement") thereby establishing the Lender Liquidating Trust as of the Effective Date.

11. Pursuant to Article II(A) of the Plan, the Debtors' estates have been substantively consolidated into a single estate for all purposes associated with Plan confirmation and consummation.

12. Further pursuant to the Plan and the Lender Liquidating Trust Agreement, the assets of the Debtors' bankruptcy estates were transferred to the Lender Liquidating Trust, except certain limited and specifically designated assets, which were transferred to the GUC Liquidating Trust.[3]

13. Following the Effective Date and the establishment of the Lender Liquidating Trust, the Lender Liquidating Trustee began the process of liquidating the assets of the Lender Liquidating Trust in an orderly fashion and discharging the trust's other responsibilities under the Plan.

---

[3] The GUC Liquidating Trust has been fully administered and terminated as of July 22, 2014. *See Notice of Termination of GUC Liquidating Trust*, Case No. 08-11859, Docket No. 2157.

14. Article VI(C)(3)(e) of the Plan provides that the Lender Liquidating Trust will terminate no later than the fifth (5th) anniversary of the Effective Date. The term of the Lender Liquidating Trust was subsequently extended several times by Order of Court pursuant to motions filed by the Lender Liquidating Trustee. The term of the Lender Liquidating Trust was most recently extended to June 30, 2017 by Order of the Bankruptcy Court dated January 9, 2017. *See* Docket No. 2211.

15. The Lender Liquidating Trustee submits that it has completed the liquidation of the property of the Lender Liquidating Trust and has otherwise discharged the trust's obligation under the Plan, except for the making of a final distribution to certain creditors which will be made no later than March 31, 2017. Accordingly, the Lender Liquidating Trustee submits that these chapter 11 cases can now be closed.

### III. RELIEF REQUESTED

16. By this Motion, the Lender Liquidating Trustee seeks entry of a final decree, substantially in the form attached hereto as **Exhibit A** closing these chapter 11 cases.

### IV. BASIS FOR RELIEF

17. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Finally, Local Rule 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." D. Del. Bankr. L.R. 3022-1(a).

18. Courts in this district have considered the following factors in determining whether a case has been fully administered: (a) whether the order confirming the plan has become a final order; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed to be transferred under the plan has been transferred; (d) whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved. *See In re SLI, Inc.*, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (stating that the foregoing factors are a guide and that all factors need not be present before a case may be closed).

19. Here, the chapter 11 cases have been fully administered within the meaning of section 350(a) of the Bankruptcy Court, making it appropriate for this Court to enter a final decree. Specifically, the Confirmation Order is final and non-appealable. All property proposed to be transferred by the Plan was transferred to the GUC Liquidating Trust and the Lender Liquidating Trust. The GUC Liquidating Trust has been fully administered and was terminated effective July 22, 2014. Nearly all distributions have been made by the Lender Liquidating Trust have been made and any remaining distribution shall be made on or before March 31, 2017. The claims administration process has completed and all disputed claims against the estate have been resolved. All motions, contested matters, and adversary proceedings have been finally resolved.

20. Additionally, all remaining expenses of the Lender Liquidating Trust, including quarterly fees payable to the U.S. Trustee, have been paid or will be paid on or before March 31, 2017. The Lender Liquidating Trustee shall comply with any requirements under applicable law for filing final reports and tax returns related to the Lender Liquidating Trust. Upon the occurrence of the foregoing, the Lender Liquidating Trustee and the Lender Liquidating Trust

shall have fully completed their duties under the Plan and the Lender Liquidating Trust Agreement and shall not have any further responsibilities in connection therewith, and thereby shall be fully released and discharged of their duties and obligations in carrying out the terms of the Plan and the Lender Liquidating Trust Agreement; provided, however, that the Lender Liquidating Trustee shall be required to comply with the terms of the Order Approving this Motion.

21. Contemporaneously with the filing of this Motion, the Lender Liquidating Trustee has filed a Notice of Termination of the Lender Liquidating Trust Effective March 31, 2017.

### V. NO PRIOR REQUEST

22. No prior motion for the relief requested herein has been made to this or any other court.

### VI. NOTICE

23. Notice of this Motion and the Notice of Termination of the Lender Liquidating Trust Effective March 31, 2017 has been given to: (a) the U.S. Trustee; (b) the United States Attorney's Office for the District of Delaware; (c) the Internal Revenue Service; (d) the general service list established in these chapter 11 cases; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Lender Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Lender Liquidating Trustee respectfully requests that this Court enter a final decree, substantially in the form attached hereto as **Exhibit A**, closing these chapter 11 cases, and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: March 10, 2017 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>*/s/ James E. O'Neill*<br>Laura Davis Jones (DE Bar No. 2436)<br>James E. O'Neill (DE Bar No. 4042)<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>         joneill@pszjlaw.com<br><br>-and-<br><br>**MCGUIREWOODS LLP**<br>Mark E. Freedlander (PA Bar No. 70593)<br>625 Liberty Avenue, 23rd Floor<br>Pittsburgh, PA 15222<br>Telephone: (412) 667-6000<br>Facsimile: (412) 667-6050<br>Email: mfreedlander@mcguirewoods.com<br><br>*Counsel to the Huron Consulting Group, through its affiliate Huron Consulting Services, LLC, and acting as the liquidating trustee of the Intermet Lender Liquidating Trust DST* |